IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-36,512-07, WR-36,512-08, WR-36,512-09






EX PARTE LAROYCE LATHAIR SMITH








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS IN CAUSE


NOS. W08-00360-K(A), W08-00361-K(A), AND W08-00362-K(A) IN


CRIMINAL DISTRICT COURT NO. 4


DALLAS COUNTY






 Per Curiam. 


O R D E R



 These are post conviction applications for writs of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.07.

 In June 1991, a jury convicted applicant of capital murder. The jury answered the
special issues submitted pursuant to Texas Code of Criminal Procedure article 37.071, and
the trial court, accordingly, set punishment at death. This Court affirmed applicant's
conviction and sentence on direct appeal. Smith v. State, No. AP-71,333 (Tex. Crim. App.
June 22, 1994)(not designated for publication). In 2001, the United States Supreme Court
handed down the decision of Penry v. Johnson, 532 U.S. 782 (2001)(Penry II). Through the
course of state habeas proceedings, applicant ultimately prevailed on a Penry II claim, and
this Court remanded the capital murder case to the trial court for a new punishment hearing. 
Ex parte Smith, No. AP-74,228 (Tex. Crim. App. June 27, 2007)(not designated for
publication). 

 In lieu of a punishment retrial, the parties entered into a plea agreement in which
applicant agreed to a life sentence for the capital murder in exchange for the State refraining
from seeking a death sentence. In addition to accepting a life sentence, applicant also agreed
to and did enter guilty pleas for three additional offenses which are the subjects of the three
writ applications at issue here. For each of these charges, applicant expressly waived
numerous rights including the right to attack the convictions by writ of habeas corpus. 

 Applicant presents the same five allegations in each of his applications. Despite his
attempt to couch some of the claims in terms of ineffective assistance of counsel, all of the
claims are based upon facts and issues of which applicant was aware at the time he entered
into the plea agreement. At the hearing on the plea agreement, the judge specifically asked
applicant if he understood the various waivers he had agreed to and whether he was happy
with his attorneys' representation or whether he felt that they should have done something
more. Applicant told the judge that he was satisfied with his attorneys' representation. In
his findings and conclusions entered on the three writ applications, the judge found that
entering into the plea agreement to avoid the death penalty was sound, well reasoned trial
strategy, and applicant had received the effective assistance of counsel. The judge
recommended that the applications be dismissed pursuant to the agreement previously agreed
to and signed by applicant, his attorneys, the prosecutor, and the judge. 

 This Court has reviewed the record and we agree that the applications should be
dismissed.

 IT IS SO ORDERED THIS THE 22ND DAY OF JUNE, 2011.


Do Not Publish